**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DEMITRA AVANT** **PLAINTIFF**

**V.** **CAUSE NUMBER: 3:26-cv-00124-JDM-RP**

**LOVE'S TRAVEL STOPS &**
**COUNTRY STORES, INC. et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND**
**ORDER GRANTING MOTION TO DISMISS**

Before the Court is Defendants Love's Travel Stops & Country Stores, Inc. and Dwight Jones's (collectively "Love's") Motion to Dismiss. [7] Plaintiff Demitra Avant brought a Title VII claim against her employer—Love's—and her supervisor—Jones. [1] She alleged sexual harassment and a hostile work environment. As Title VII requires, Avant first filed a complaint with the EEOC. After the EEOC issued its Determination and Notice of Rights to Sue, Avant filed her complaint.

But Avant filed her complaint too late. A Title VII plaintiff has only 90 days to file a lawsuit once she receives notice of her right to sue. And Avant waited until 106 days after receiving notice. She tries to skirt this time bar by arguing she received notice on a later date. But even assuming this later date, Avant still filed her complaint more than 90 days after her alleged notice. So her Title VII claim is time barred. And Love's motion to dismiss is **GRANTED**.

## Facts

### I. Avant's Complaint

Avant worked as a clerk in the Subway restaurant at Love's. She alleged her supervisor Jones treated her inappropriately. Avant claimed Jones's severe and pervasive comments created

a hostile work environment. And when she reported Jones to the Love's store manager, she was fired. This prompted her discrimination charge with the EEOC.

The EEOC determined it would not continue investigating. And it sent Avant a notice of her right to sue. According to the complaint, Avant "received a non-determination, right to sue letter dated, February 2, 2026." Then, on May 19, 2026, Avant sued Love's under Title VII for sex-based harassment and discrimination—106 days after the EEOC issued notice.

## II. Motion to Dismiss

Because Avant sued Love's more than 90 days after the EEOC notice, Love's moved to dismiss the complaint. It's cited reason was Avant's failure to state a claim upon which relief can be granted.[1]

In response, Avant argues about the 90-day limitations period. She insists it only commenced when she received a physical copy of the EEOC's notice. And she claims she did not receive that physical copy until February 17. As support, Avant attached outside-the-pleadings evidence.

## III. Avant's Evidence

Avant first produced an EEOC packet she received on February 17. The packet includes a cover letter and a physical copy of the EEOC's right-to-sue notice. The EEOC dated the cover letter February 10. And it copied Avant's attorney—Bobby Vance—on the letter. The cover letter explains the EEOC had issued its right-to-sue notice on February 2. It continues—"on that date,

[1] Avant briefly argues a motion to dismiss is not the proper pleading because Love's "argument is timeliness not failure to state a claim." But a limitations period "may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Further, because the Court will consider Avant's outside-the-pleadings evidence, it converts the motion to one for summary judgment.

EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal."

But EEOC records showed Avant had not downloaded the notice. So the EEOC enclosed a notice copy in the packet "[f]or [Avant's] convenience." It also copied Avant's lawyer on the notice itself. The right-to-sue notice clearly states "your lawsuit must be filed within 90 days" of receipt.

In addition to the packet, Avant attached her affidavit. In it, Avant claimed she could not access her online EEOC portal until February 17—the date the right-to-sue notice arrived in the EEOC's packet. Because Avant claims she did not see her right-to-sue notice until February 17, she suggests the 90-day limitations period started then. Avant allegedly took the notice immediately to her attorney and signed a legal-services contract dated February 17.

## IV. Love's Counter Evidence

Love's counters Avant's narrative with EEOC records. The records show the EEOC gave Avant official notice on February 2—the date it issued its determination. That day, the EEOC called Avant. It also uploaded her right-to-sue notice and emailed Avant and her attorney.

An EEOC investigator first called Avant on February 2. He informed her the EEOC had ended its investigation. He also verified Avant's contact information. The investigator did this so the EEOC could send an email notification when the right-to-sue notice became available. The investigator then told Avant's "representative" that Avant had 90 days to sue. After calling Avant, the EEOC generated and uploaded a document titled "NRTS Avant, Demitra." Finally, the EEOC emailed Avant and her attorney, notifying them a new document was available to download. The phone call, document upload, and email to Avant all happened February 2.

But while Love's downloaded the right-to-sue notice, the EEOC record shows Avant did not. So on February 10, the EEOC uploaded and mailed Avant a second document. This one was titled "Mailed NRTS Not Downloaded." And it once again emailed Avant and her attorney, advising that a new document was available to download. This new document was apparently the February 10 cover letter Avant eventually received February 17.

Based on the EEOC's records, Love's identifies February 2 as the definitive date Avant received right-to-sue notice. So it seeks to dismiss Avant's May 19 complaint for being untimely.

**Dismissal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But here, because the Court considers the documents Avant attached to her response—her affidavit and attorney contract—it treats this motion as one for summary judgment. FED. R. CIV. P. 12(d).

"A court may convert a Rule 12(b)(6) motion into a motion for summary judgment, and it need not advise either party of its intention to do so." *Holguin v. U.S. Dep't of Army*, 98 F.3d 1337, 1996 WL 556767, at *2 (5th Cir. 1996) (per curiam). "The only requirement is that the non-moving party have at least ten days in which to submit its own evidence." *Id.* But from the date the non-movant himself submits matters outside the pleadings, he is on notice that the Court could treat the motion to dismiss as one for summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

Avant submitted matters outside the pleadings to support her claim she did not receive right-to-sue notice until February 17. Because she did so, Avant was on notice the Court could treat Love's motion as one for summary judgment. For the same reason, Love's has also been on

notice that the Court could convert the motion. Because both parties rely on matters outside the pleadings, the Court considers the motion as one for summary judgment without further notice.

Summary judgment is warranted when "'there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c) (1986)) (current version at FED. R. CIV. P. 56(a)). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And pure legal questions are answered "independent of disputed facts." *Dupree v. Younger*, 598 U.S. 729, 737 (2023).

Because the Court considers Love's filing as a summary judgment motion, the legal question is whether Avant timely filed her complaint after receiving right-to-sue notice.

**Discussion**

Before bringing her Title VII claim, Avant must have exhausted her administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). This happened when she filed a charge with the EEOC and received right-to-sue notice. *Id.* (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). "Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC." *Id.* (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 397, 381 (5th Cir. 1982)). "This requirement to file a lawsuit within the ninety-day limitation period is *strictly construed*." *Id.* (emphasis added).

**I. Avant received notice on February 2.**

Both Love's and Avant dispute when Avant received her right-to-sue notice. Love's argues Avant received notice February 2. It relies on contemporaneous EEOC records showing it emailed Avant and her attorney on February 2 that it had uploaded its right-to-sue notice to Avant's online portal. Avant insists it was on February 17 when she got the packet with physical notice.

"[T]he 90-day period of limitation [for Title VII claims] begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 969 (5th Cir. 2023) (internal quotation marks omitted) (quoting *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986)). Likewise, being sufficiently informed of online portal access to the right-to-sue documents provides a plaintiff official notice. *See Snerling v. Coahoma Cmty. Coll.*, No. 4:24-cv-096-MPM-DAS, 2025 WL 1828635 (N.D. Miss. 2025).

In *Snerling*, the EEOC called the plaintiff, explained she would have 90 days to sue, and emailed her, advising that her right to sue notice was available online. *Id.* at *3. This Court determined those circumstances constituted official notice as a matter of law. *Id.* And the 90-day limitations period started when the plaintiff knew she had online access. *Id.* That's because "[p]laintiffs cannot be allowed to toll the limitations period indefinitely by refusing to access the online portal and download their EEOC notice." *Id.*

As Love's points out, *Snerling* is nearly identical to these facts. EEOC records show it called Avant and discussed the outcome of her grievance. It also emailed Avant immediately after issuing its determination. And it simultaneously uploaded Avant's right-to-sue notice to her online portal. But unlike *Snerling*, here the EEOC went a step further—it also notified Avant's attorney of her right to sue. So in addition to official EEOC notice, Avant had constructive notice through her attorney. *See Bernstein*, 63 F.4th at 969. As a matter of law, on February 2, Avant received official notice of her right to sue. She also knew she had 90 days to file her lawsuit. So when she filed her complaint 106 days later on May 19, it was untimely.

## II. Avant also filed her complaint more than 90 days after February 17.

Despite receiving notice as a matter of law on February 2, Avant maintains she did not receive notice until her EEOC packet arrived February 17. But even giving her this benefit, she still missed the 90-day limitations period. That's because she waited until May 19 to file her lawsuit—91 days after February 17.

And courts in this Circuit dismiss untimely complaints, even those filed a day late. *See*, *e.g.*, *Butler v. Orleans Par. Sch. Bd.*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where complaint was filed one day beyond the ninety-day period because plaintiff and her husband did not file on the 90th day, as planned, because of family illnesses); *Sharp v. Tex. Dep't of Fam. & Protective Servs.*, No. 3:13-CV-4092-D, 2014 WL 5802860 (N.D. Tex. Nov. 7, 2014) (dismissing a Title VII claim as time-barred because the plaintiff filed suit on the 91st day after receiving her right-to-sue notice).

Under Rule 6, time is computed by excluding the day triggering the time period and including the last day, unless it is a legal holiday or weekend. FED. R. CIV. P. 6(a)(1). So even assuming Avant did not receive notice until February 17, February 18 is considered day one of the limitations period. And day 90 is Monday, May 18, 2026. Here, Avant did not file her complaint until day 91—Tuesday, May 19. Thus, either way her claim is time barred and must be dismissed.

## III. Avant cannot maintain a Title VII claim against Jones.

Finally, the Court notes that Avant cannot even sue Jones under Title VII. "[T]itle VII does not permit the imposition of liability upon [non-employer] individuals[.]" *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Avant concedes this by not addressing it in her response. So not only is her Title VII claim time barred, it is also prohibited against Jones individually.

## Conclusion

Because Avant filed her Title VII complaint 106 days after she received official notice, it was not filed within the mandatory 90-day window. So her Title VII claim is time barred. Therefore, Love's Motion to Dismiss [7] is **GRANTED**.

Avant's Title VII claim is **DISMISSED with prejudice**.

A final judgment shall issue this day.

**SO ORDERED**, this the 6th day of October, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI